No. 02-678

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 161N

CRAIG HUNTER CRAIN,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DV-01-536(A)
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Craig Hunter Crain, *Pro Se*, Deer Lodge, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  May 22, 2003

Decided:  June 10, 2003

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      The Eleventh Judicial District Court, Flathead County, dismissed Craig Hunter Crain's pro se petition for postconviction relief without holding an evidentiary hearing.  Crain appeals.  We affirm.

¶3      Crain argues on appeal that his trial counsel rendered ineffective assistance by failing to explain the sentence he would receive and that the District Court erred in failing to allow him to amend his petition for postconviction relief by attaching his mother's affidavit in support of his claim that part of his sentence should be suspended.

¶4      We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  The issue is clearly controlled by settled Montana law which the District Court has correctly interpreted.  The sentence the trial court imposed on Crain was in conformity with Crain's plea agreement and Crain has established no legal justification for  allowing him to avoid that agreement.  We hold the District Court did not err in dismissing Crain's petition for postconviction relief without a hearing and without granting Crain's request to be allowed to amend the petition by adding his mother's affidavit.

2

¶5     Affirmed.


                                        /S/ KARLA M. GRAY

We concur:

/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER